## THE QUERNMORE.

(Circuit Court of Appeals, Fifth Circuit. June 13, 1917.)

### No. 3049.

1. SALVAGE ⚷30—STRANDED VESSEL—LIABILITY—AMOUNT.
   Where, at the instance or request of the master, libelants rendered services and incurred expense in floating the vessel after it had grounded, the vessel is liable for all claims, regardless of the rule of the general average; the case being governed by contract, and not by rules applicable to voluntary salvage.

2. SALVAGE ⚷30—STRANDED VESSEL—ELEMENTS OF COMPENSATION.
   The owner of tugs used in floating a stranded vessel is entitled to compensation for hawsers broken or ruined, and such items are not included in per diem compensation for the services of the tugs.

Appeal from the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

Libel by the Henry Nanninga Company and others against the Quernmore, claimed by the Steamship Queensmore, Limited, and another. From the decree, the claimant and its surety appeal and the libelants also assign cross-errors. Modified and affirmed.

Charles R. Hickox, of New York City, George Denegre and Victor Leevy, both of New Orleans, La. (Kirlin, Woolsey & Hickox and Mark W. Maclay, Jr., all of New York City, on the brief), for appellants.

William Garrard and A. Minis, both of Savannah, Ga., for appellees.

Before PARDEE, WALKER, and BATTS, Circuit Judges.

⚷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

WALKER, Circuit Judge. This case is brought before this court by an appeal of the claimant of the British steamship Quernmore and the surety on the claimant's release bond from a decree rendered against them in favor of libelants, who, at the instance or request of the master of the ship, rendered services and incurred expenses incident to getting the vessel afloat after it had run aground near the mouth of the Savannah river while on its way to sea from the port of Savannah.

[1] Complaint is made of the action of the court in assessing against the owner of the ship the entire amounts awarded. It is contended that whatever amounts were properly allowable in favor of the libelants should have been prorated between the ship and its freight and cargo according to their respective values. We are not of opinion that there is any merit in this contention. The ship itself was chargeable for services and expenses required and contracted for by its master, or at his instance or request, to effect its rescue from the strand. The liability so incurred was contractual, though what was done to save the ship from the danger to which it was exposed by the stranding constituted a salvage service of the kind which imposes a liability not contingent or dependent upon the success of the enterprise. The claims of the libelants were not for services voluntarily rendered to a ship in distress under circumstances making their compensation dependent upon success and chargeable against whatever they helped to save. The question of general average, or of the liability of freight and cargo to contribute to expenses incurred by or at the instance of a ship's master for the rescue of it from a peril of the sea, is one which does not concern those who, under contracts or employments binding upon the ship, rendered services or incurred expenses which contributed to the saving of the ship. The libelants were entitled to have the compensation due to them charged against the ship in behalf of which they were engaged to render services or incur expenses for its rescue. The enforcement against the ship alone of its contract liability did not prevent the assertion in its behalf of a liability of the cargo and the freight to make suitable contribution for the partial protection or reimbursement of the ship for outlays the benefits of which were shared in by the cargo and the freight.

Our examination of the record in the light of the arguments of counsel has led us to the conclusion that the several items of service and expense for which awards against the owner of the ship were made were such as warranted the charging of the ship with liability therefor, and that as to none of those items has it been made to appear that the amounts awarded on account thereof were so insufficiently supported by the evidence adduced or so excessive as to call for a reversal or modification of the part of the decree which dealt with and disposed of those items.

What was said by the District Judge in the opinion he rendered we think sufficiently justifies the awards which were made against the ship or its owner.

[2] The libelants make complaint of some features of the decree. In so far as the decree is complained of because of the alleged insufficiency of amounts awarded as compensation to which the libelants

were found to be entitled, it does not seem to us that the complaints are well founded. One of the libelants, the Propeller Towboat Company, which furnished the services of several tugs which took part in the pulling of the Quernmore, claimed $640 as compensation for three hawsers alleged to have been broken and ruined in the pulling operations. Evidence which was practically uncontroverted showed that three of this libelant's hawsers were broken and ruined as alleged, and that the loss so sustained amounted to as much as $640. The libelant was entitled to be compensated for the loss or damage so incurred. The award made by the decree of per diem compensation for the services rendered by the tugs did not cover the property loss involved in the breaking and ruining of the three hawsers. We have reached the conclusion that the decree should be modified, by adding to it an award in favor of the Propeller Towboat Company of $640, with interest from the date of the filing of its libel, as compensation for three hawsers broken and ruined; and it is ordered that the decree be here modified as just indicated. As so modified, the decree is affirmed, with interest to date of payment at the rate of 6 per cent. per annum, with costs against the appellants.

⟨key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes